United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEONA MARINO**, <br> Plaintiff, <br> v. <br> **CACAFE, INC.,** *ET AL.*, <br> Defendants. | Case No. 16-cv-6291 YGR <br><br> **ORDER GRANTING IN PART MOTION OF PLAINTIFF LEONA MARINO FOR CORRECTIVE ACTION** <br><br> Re: Dkt. No. 39 |

Plaintiff Leona Marino brings this Motion for Corrective Action (Dkt. No. 39) seeking remedies for the conduct of defendants CACafe, Inc., Jane Zheng, and Ted Chao (collectively, "CACafe Defendants") in their communications with putative class and collective action members in connection with this wage and hour litigation. The other defendants are not implicated. Having carefully considered the papers and evidence submitted, and for the reasons set forth below, the motion is **GRANTED IN PART** as follows: (1) the request for a corrective notice to the putative class members is **GRANTED**; (2) the request to invalidate the releases obtained by CACafe is **GRANTED** and the releases are hereby invalidated; and (3) the request to enjoin communications by CACafe is **GRANTED IN PART**, under the limitations as stated herein.

The Court finds it appropriate to send a corrective notice and to invalidate the releases obtained in a misleading manner by Zheng, in order to protect putative class members and safeguard the integrity of the process. The Court also finds it appropriate to order CACafe Defendants to cease communications with putative class members to obtain releases of the claims at issue in this litigation until this Court has ruled on the motion for conditional certification of the collective action. However, plaintiff's request to toll the statute of limitations during the period of the pendency of the case until a ruling on conditional certification is **DENIED WITHOUT**

**PREJUDICE** to raising the merits of the issue in connection with class certification or other later proceedings in this action.

## I. SUMMARY OF RELEVANT FACTS

On October 31, 2016, plaintiff Marino filed the initial class action complaint alleging causes of action pursuant to the Fair Labor Standards Act and California state wage and hour laws. Defendants CACafe, Zheng, and Chao were served by certified mail with the required notice of penalty claims by certified mail on November 1, 2016, and with the complaint on November 8, 2016. On November 10, 2016, defendant Zheng contacted plaintiff's counsel to ask for a copy of the penalty notice to be emailed to her, which plaintiff's counsel emailed along with a copy of the complaint that same day.

On November 25, 2016, defendant Zheng emailed members of the putative class. In her email she stated that the "company is restructuring its processes" and that "to ensure there is no outstanding issue based on your contractual relationships with [the] Company, we are offering an incentive of $500.00 for your cooperation" which she would immediately wire to the recipient's bank account upon signing and returning the attached release of claims. (Nisewander Decl. Exh. A, Dkt No. 39-2; Tracy Decl. Exh. A, Dkt. No. 39-3.) The attachment included a general release of all claims and a waiver of rights under California Civil Code section 1542. The email did not state that a lawsuit had been filed concerning the putative class members' contractual relationship with the company, nor did it identify the counsel who had brought the suit or the nature of the claims at issue.

## II. DISCUSSION

Before a class is certified in a class action, counsel for both plaintiffs and defendants may communicate with the putative class, *ex parte,* about the lawsuit. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Id.* at 100. "The prophylactic power accorded to the court presiding over a putative class action under Rule 23(d) is broad; the purpose of Rule 23(d)'s conferral of authority is not only to protect class members in particular but to safeguard generally the administering of justice and the integrity of the class certification process." *Retiree Support*

*Grp. of Contra Costa Cty. v. Contra Costa Cty.*, No. 12-CV-00944-JST, 2016 WL 4080294, at *5 (N.D. Cal. July 29, 2016) (citing *O'Connor v. Uber Technologies, Inc.,* No. C-13-3826 EMC, 2014 WL 1760314, at *3 (N.D. Cal. May 2, 2014)). "Courts applying the *Gulf Oil* standard have found that *ex parte* communications soliciting opt-outs, or even simply discouraging participation in a case, undermine the purposes of Rule 23 and require curative action by the court." *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 517 (N.D. Cal. 2010).

In the context of class action litigation, whether pre- or post-certification, unsupervised communications between an employer and its workers present an acute risk of coercion and abuse. *See Guifu Li*, 270 FRD at 517; *Wang v. Chinese Daily News, Inc.,* 236 F.R.D. 485, 490 (C.D.Cal.2006). Courts applying the *Gulf Oil* standard have found that an employer's communications soliciting opt-outs, or even simply discouraging participation in a case, undermine the purposes of Rule 23 and require curative action by the court." *Guifu Li*, 270 F.R.D. at 517 (citing cases).

Here, the Court finds that a curative notice to the putative class members is required. Defendant Zheng's communications with the putative class members concealed material information and were misleading. While the evidence does not indicate the high degree of coercion present in other cases, the fact remains that defendant Zheng communicated with putative class members after the lawsuit was filed, but before they had received any formal notice and before plaintiff's counsel had been given an opportunity to communicate with them. The speed with which the emailed release requests were distributed after Zheng was served with the lawsuit; coupled with defendants' continued resistance to providing putative class member contact information,[1] suggest that defendants sought to ensure that putative class members were not given

---

[1] In or around February 13, 2017, nearly a month before the instant motion was filed, plaintiff requested that defendant provide a list of putative class members and their contact information, so that plaintiff's counsel could communicate with the putative class members. On March 16, 2017, after the parties reached an impasse in their discussions on the issue, this Court ordered the parties to meet and confer and submit a stipulated protective order within seven days, and for CACafe to produce the class list to plaintiff's counsel. Plaintiff's reply brief filed March 31, 2017, indicated that, despite the Court's order and its approval of the protective order, CACafe still had not produced the class list. The Court understands that the class list was produced sometime thereafter.

3

full information before they signed the releases. The communications did not inform putative class members that there was a lawsuit pending that concerned their legal rights, the nature of the claims, plaintiff's counsel's contact information, the status of the case, or any other information that might have permitted them to allow them to make an informed decision about the waiver of their rights. (Zheng Decl. ¶ 26, Dkt. No. 54-2.)

Evidence that putative class members may have learned about the lawsuit in other ways does not mitigate the misleading nature of this communication. Zheng's representation that nearly every member of the putative class signed the release likewise suggests a degree of coercion. *Cf. Guifu Li*, 270 F.R.D. at 518 (substantial number of current workers submitting opt-outs solicited by defendants prior to certification indicated coercion). The contention that Zheng's communication with putative class members did not "misstate any facts about the case" is disingenuous, since that communication omitted any information about the pending lawsuit.

Because the Court finds the releases here were obtained by deceptive omissions of material information, the Court also finds that the releases are invalid. *See Camp v. Alexander*, 300 F.R.D. 617, 626 (N.D. Cal. 2014) (invalidating opt-outs and requiring corrective notice where former employer sent a letter describing the lawsuit and its potential negative effect on business if employees participated); *Cty. of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 WHA, 2010 WL 2724512, at *6 (N.D. Cal. July 8, 2010) (invalidating settlement agreements and releases obtained prior to class certification where letters did not provide sufficient detail about case and claims at issue); *Wang v. Chinese Daily News,* 236 F.R.D. 485 (C.D.Cal.2006) (rev'd on other grounds by *Wang v. Chinese Daily News,* 709 F.3d 829 (9th Cir.2012) (invaliding opt-out forms obtained from 75-80% of employees during workplace meetings the court deemed coercive); *Guifu Li.,* 270 F.R.D. at 518 (opt-outs secured at mandatory meetings with employees were coercive and invalid).

The Court therefore finds that CACafe's *ex parte* communications with putative class members were misleading communications under the standards set forth in *Gulf Oil* and its progeny. To safeguard the putative class members, and the integrity of the class certification process, the Court **ORDERS** as follows:

4

(1) All releases CACafe Defendants obtained from putative class members in this action from October 31, 2016 to the present are hereby invalidated. However, the Court prohibits CACafe from requesting any reimbursement of payments made. The Court will determine at a later date whether CACafe would be entitled to any offset.

(2) By no later than **May 7, 2017**, plaintiff's counsel shall effect the mailing of the curative notice set forth in Exhibit A hereto; and shall file a certification that the mailing was completed. The Court understands that plaintiff's counsel have been provided with the names and contact information for all putative class members. Mailing shall be at the expense of CACafe, which shall reimburse plaintiff's counsel for the costs of mailing within 14 days of its completion.

(3) Pursuant to the Court's authority to manage these proceedings, and based upon the showing of misconduct, the Court **ORDERS** that defendants CACafe, Inc., Jane Zheng, and Ted Chao are prohibited from engaging in any *ex parte* communications with putative class members regarding any of the subjects of this litigation, or any release of claims herein, unless such communication is made through their counsel of record. This prohibition continues from the date of this Order until the Court has ruled on any motion by plaintiff for conditional certification of an FLSA collective action, or until further order of the Court.

Having invalidated the releases, the Court does not reach plaintiff's arguments regarding the legality of any provision therein. Likewise, the Court denies plaintiff's request that the claims of putative class members be tolled for the period between the filing of the lawsuit and the Court's decision certification of a class or collective action without prejudice to it being raised in the context of such motion.

This terminates Docket No. 39.

**IT IS SO ORDERED**.

Dated: April 28, 2017

                                              **YVONNE GONZALEZ ROGERS**
                                           **UNITED STATES DISTRICT COURT JUDGE**

# EXHIBIT A

**APPROVED CURATIVE NOTICE TO BE MAILED TO PUTATIVE CLASS MEMBERS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEONA MARINO**,<br><br>        Plaintiff,<br><br>    v.<br><br>**CACAFE, INC.,** *ET AL.*,<br><br>        Defendants. | Case No. 16-cv-6291 YGR<br><br>**CORRECTIVE NOTICE TO POTENTIAL CLASS AND COLLECTIVE ACTION MEMBERS**<br><br>Hon. Yvonne Gonzalez Rogers |

TO: ALL IN-STORE DEMONSTRATORS WHO SIGNED RELEASES OF CLAIMS OR SEVERANCE AGREEMENTS WITH CACAFE, INC., JANE ZHENG, OR TED CHAO:

You are receiving this notice, because you may have received emails from the owners or managers of CACafe, Inc. (CACafe) requesting that you sign a release agreement for any potential legal claims in exchange for a payment (approximately $500). These emails and release agreements were not reviewed or authorized by the Court. The Court has determined that the emails and release agreements were misleading and improper. This notice is being sent to you to inform you that the Court has ordered that the releases are invalid, and to explain your right to choose whether you wish to participate in the lawsuit that has been filed. *The Court is **not** requiring that you return any monies paid to you.*

**I.     Background About the Lawsuit**

This lawsuit was filed on October 31, 2016. Leona Marino is the representative plaintiff and was an in-store demonstrator for CACafe, Inc. in 2016. CACafe, Inc., Jane Zheng, Ted Chao, Costco Wholesale Corporation, and Club Demonstration Services, Inc. are the defendants.

The lawsuit claims that in-store demonstrators who worked for CACafe, Inc. are entitled to the protection federal and California employee wage laws, including payment of minimum wages and overtime, meal and rest breaks, reimbursement of business expenses (including reimbursement of cellphone expenses), and similar rights. The lawsuit seeks relief on behalf of all people, who were, are, or will be employed by CACafe as in-store demonstrators, and other positions with similar job duties, since October 2012.

Depending upon future rulings of the Court, you may be asked to complete a consent form,

or receive other notice regarding whether you wish to participate in this lawsuit. If the Plaintiff wins the lawsuit and you are included in the class, you may be awarded payment for minimum and overtime wages for the hours you worked for CACafe, reimbursement of certain business expenses, interest, penalties and other relief, if ordered by the Court. If Plaintiff does not win the lawsuit, you will receive nothing.

The Court has not decided the merits of any of the underlying claims.

**II.     The Court Has Ruled That the Release Agreement You Signed Is Invalid and Will Not be Enforced Against You**

In November 2016, CACafe, Inc., Jane Zheng, and/or Ted Chao contacted in-store demonstrators to ask them to sign an agreement to release all their potential claims against CACafe, Inc. in exchange for a payment of $500.00. CACafe did not disclose the existence of the pending lawsuit, the nature of the lawsuit, the identities of plaintiff's counsel, and similar related information. Only CACafe, Inc., Jane Zheng, and Ted Chao are responsible for requesting the release agreements.

The Court has ordered that all of these release agreements signed on or after October 31, 2016, are invalid and not enforceable. Because the release agreement is invalid, you may participate in the pending class and collective action without any negative consequences from signing the release agreement, assuming you are otherwise eligible to participate in the lawsuit.

No person who received a payment in return for signing a release agreement will be required to return the payment. Any payment you received from CACafe in connection with signing the release agreement may be subtracted from any future payments you may be awarded, if ordered by the Court. Even if no payments are awarded by the Court in the future, you will not be required to return any payment you previously received from CACafe for signing the release agreement.

**III.    Retaliation for Participating in this Lawsuit is Prohibited by Law**

It is a violation of federal and California law for any of the defendants, and any of their agents or managers, to discharge you, or in any manner discriminate or retaliate against you, for taking part in this case. You cannot legally be fired, sued, demoted, "blackballed" in the industry, or otherwise discriminated against for participating in this suit.

If you believe that you have experienced retaliation in any way as a result of your participation in this lawsuit, you may file an action independently or contact plaintiff's counsel (see contact information below).

**IV.  The Court is Neutral in this Matter and No Legal Rulings on the Claims in the Lawsuit Have Been Made Yet**

The Court takes no position in this case, and has not issued any determinations regarding the merits of the lawsuit.

**VII.  Some Final Comments Regarding This Corrective Notice**

You are being sent this Corrective Notice to allow you to make an informed choice as to whether to you wish to participate in this lawsuit.  This decision is yours alone.

The Court has ordered that the defendants cannot affirmatively contact you with respect to this decision.  However, this order does not prohibit your own actions.

**VIII.  Questions?**

If you have any questions with respect to this action or about this Notice, you may direct such questions to Plaintiff's Counsel:

> Bryan Schwartz Law
> Attn: Eduard Meleshinsky
> 1330 Broadway, Suite 1630
> Oakland, CA 94612
> Telephone: (510) 444-9300
> Email: eduard@bryanschwartzlaw.com

If you choose, you may also contact counsel for any of the defendants:

| For CACafe: | For Costco: | For Club Demonstration Services: |
|---|---|---|
| W. Dan Lee, M.E.T.A.L. Law Group LLP, 5757 Wilshire Boulevard, Penthouse 3 Los Angeles, CA 90036 Telephone: 323-289-2260 dlee@metallawgroup.com | Catherine M. Dacre, Seyfarth Shaw LLP, 560 Mission St., Suite 3100 San Francisco, CA 94105 Telephone 415-397-2823 cdacre@seyfarth.com | Mustafa El-Farra, Littler Mendelson, P.C., 2050 Main Street, Suite 900, Irvine, CA 92614 Telephone: 949-705-3039 melfarra@littler.com |

**YOU SHOULD NOT CONTACT THE COURT WITH QUESTIONS.  THIS NOTICE AND ITS CONTENT HAVE BEEN APPROVED BY JUDGE YVONNE GONZALEZ ROGERS, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA.**

Dated: April 28, 2017

*[signature]*
Yvonne Gonzalez Rogers
United States District Judge

3