UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEONA MARINO**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**CACAFE, INC.**, *ET AL.*,<br><br>　　　　Defendants. | Case No.  16-cv-6291 YGR<br><br>**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 87, 88, 102 |

Plaintiff Leona Marino filed her wage and hour complaint seeking minimum wage, overtime, meal and rest break penalties, late payment penalties, and reimbursement of expenses. The action arises from a dispute over whether plaintiff and a group of similarly situated workers were misclassified as independent contractors and not employees. Marino now seeks conditional certification of a collective, opt-in action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* against defendants CACafe, Inc. ("CACafe"), Jane Zheng, Ted Chao, Costco Wholesale Corporation ("Costco"), and Club Demonstration Services, Inc. ("CDS"), and authorization to serve notice on potential opt-in plaintiffs.  (Dkt. No. 88)

Having carefully considered the papers submitted in support and in opposition, the arguments of the parties, the pleadings in this action, and the admissible evidence,[1] and for the reasons set forth below, the Court **GRANTS** the motion for conditional certification.

---

[1] Defendants' objection to Exhibit D to the Meleshinsky Declaration is **SUSTAINED**. Defendants' objections to Exhibits H and I to the Meleshinsky Declaration are **OVERRULED** for purposes of this motion since they were produced by defendants in response to a discovery request. Defendants' objections to the Meleshinsky Supplemental Declaration as improper evidence on reply are **OVERRULED**. The declaration and exhibits are permissible evidence to rebut arguments raised in defendants' opposition. The specific evidentiary objections to the exhibits in the supplemental declaration on grounds of relevance, hearsay, lack of authentication, and lack of foundation are, for purposes of this motion, **OVERRULED**. The documents are not offered for the truth of the matters asserted or for the accuracy of the statements therein.

## I. BACKGROUND

### A. Summary of Facts

Plaintiff Marino was in-store demonstrator ("ISD") who performed demonstrations in Costco warehouse stores to encourage sales of defendant CACafe's coconut-infused coffees and teas. Marino alleges that CACafe manufactures, distributes, and sells its products throughout California and the United States, under the management of Jane Zheng and Ted Chao. From late 2013 through late 2016, CACafe hired approximately 113 ISDs to promote sales of its beverage products at Costco's warehouses in California and several other states. Marino contends that all ISDs were classified as independent contractors and paid solely based on the number of jars of CACafe product sold in Costco's stores on days they performed product demonstrations at Costco. ISDs' duties did not vary depending on the location or time period, and did not require any special skills. ISDs were required to: report before opening time to the store to which they were assigned; purchase coffee and supplies and set up a display in the area of the store assigned by a CDS or Costco manager; take a picture of their demonstration area and send it to CACafe; submit to daily, in-person inspections by a CDS event manager using CDS's "Pre-Operational Checklist"; make and provide samples of the coffee for shoppers; clean up the area and take down the display only after the store closed; submit to CDS a "Closing Checklist" documenting that their area was clean and a "Temperature Log" documenting that they had checked samples for safe temperatures throughout the day.[2]

Marino submits evidence that the conditions of the in-store demonstrations were dictated by the policies in Costco's SOP, which in turn were enforced by CDS and CACafe. CDS was delegated the responsibility by Costco to assure that ISDs were maintaining a "uniform look" and were not performing demonstrations in an "un-Costco way." (Meleshinsky Decl., Dkt. No. 88-2, Exh. F [CDS 30(b)(6) Depo. of Brandi Vasquez ("Vasquez Depo.")] at 13:20-14:12, 82:1-3,

---

[2] Marino submits her own declaration and excerpts of her deposition, as well as declarations of five putative members of the collective action, in support of these facts. (*See* Meleshinsky Decl., Exh.C. [Deposition of plaintiff Leona Marino]; Declarations of Leona Marino, Jonathan Chafino, Harout Minassian, Mellisa Nisewander, Ralph Tracy, and Michael Willey.)

2

58:22-59:1.) CDS Event Managers conducted in-person, daily inspections of ISDs' behavior, dress, and observance of safety rules at all Costco warehouses pursuant to Costco's Standard Operating Policy. (Vasquez Depo. at 26:7-10, 36: 1-37:1, 50:12-18; Meleshinsky Decl., Exh. G ["Daily Compliance Checklist"].) CACafe retained the right to "fire" ISDs for failing to be "in complete compliance with Costco and CDS guidelines and policies." (Meleshinsky Decl., Exh. H [email from Defendant Zheng to Costco at COSTCO00002045-46].)

### B. Procedural History

Marino filed the initial complaint alleging causes of action pursuant to the FLSA and California state wage law as both an FLSA collective action and a Rule 23 class action. (Dkt No. 1.) On January 6, 2017, the parties stipulated to allow Marino to file a First Amended Complaint ("FAC"), adding Defendant Chao as well as claims under the California Private Attorneys General Act ("PAGA") Cal. Labor Code section 2698. (Dkt. No. 15.) On March 16, 2017, based on representations at the parties' case management conference, the Court ordered defendants CACafe, Zheng, and Chao to produce the list of persons who would be in the alleged class. (Dkt. No. 44.) Additional putative class members were later identified. (Dkt. No. 84.)

On March 10, 2017, Marino filed a motion for corrective action, bringing to the Court's attention improper contacts by defendants CACafe, Zheng, and Chao ("CACafe defendants") with members of the alleged class. (Dkt. No. 39.) Finding that the contact with the alleged class members was inappropriate, and that releases had been obtained from putative class members in a misleading manner, the Court granted the motion and ordered that the releases were invalid, that a corrective notice be sent, and that the CACafe defendants be enjoined from communicating with putative class members except as stated therein. (Dkt. No. 68.) The Court denied without prejudice plaintiff's request for equitable tolling as of the date of the motion. (*Id.*) A corrective notice was sent to the alleged class members who had thus far been identified on May 5, 2017. (Dkt. No. 70.) The corrective notice did not contain a court-approved opt-in notice and form (Dkt. No. 68, Exh. A [Court-approved Curative Notice]). Marino further reports that the corrective notice was not sent to all members of the alleged class since 46 additional putative class members, later identified, were omitted from the initial class list provided by previous counsel for CACafe.

3

1  (*Compare* ECF No. 64-3 (April 21, 2017 Class List) *with* ECF No. 84-3 (August 21, 2017
2  Amended).)
3        On May 3, 2017, the CACafe defendants filed an Amended Answer.  On June 2, 2017, the
4  parties stipulated to defendant CDS's filing of an Amended Answer.  The parties thereafter
5  commenced discovery, including document requests, depositions of Marino, persons most
6  knowledgeable for CACafe and CDS, and an employee of Costco.

**II.  APPLICABLE STANDARDS**

      Section 216(b) of the FLSA provides that one or more employees may bring a suit for unpaid overtime wages on behalf of themselves and other employees similarly situated.  29 U.S.C. § 216(b).  Unlike class actions brought under Federal Rule of Procedure 23, collective actions brought under the FLSA require that individual members "opt in" by filing a written consent.  29 U.S.C. § 216(b).  Further, unlike Rule 23 class actions, the statute of limitations continues to run until a court conditionally certifies the collective action and provides notice to those affected "so that they can make informed decisions about whether to participate."  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989).  Employees who do not opt in are not bound by a judgment and may subsequently bring their own action.  *Rivera v. Saul Chevrolet, Inc.*, No. 16-CV-05966-LHK, 2017 WL 3267540, at *2 (N.D. Cal. July 31, 2017).

      The standards for granting conditional certification of an FLSA collective action "are considerably less stringent than those for [certification of] Rule 23 classes."  *Hill v. R+L Carriers, Inc.*, 690 F.Supp.2d 1001, 1009 (N.D. Cal. 2010).  Conditional certification for purposes of providing notice and an opportunity to opt in requires only a minimal showing that the members of the proposed class are "similarly situated."  *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1117 (N.D. Cal. 2011); *Hill,* 690 F.Supp.2d at 1009; *see also Rivera,* 2017 WL 3267540, at *2 (collecting cases).[3]  The plaintiff must "show that there is some factual basis beyond the mere averments in [her] complaint for the class allegations."  *Id.* at *6.  While

---

[3] Should a motion for decertification of the FLSA class later follow, the court then "engages in a more searching review."  *Beauperthuy*, 772 F. Supp. 2d at 1117.

plaintiffs need not be identically situated, they must be similar enough to warrant proceeding collectively. *Beauperthuy*, 772 F.Supp.2d at 1118.

At the conditional certification stage, the court does not inquire into the merit of the claims, weigh competing evidence, or make factual findings. *Lewis v. Wells Fargo & Co.,* 669 F. Supp. 1124, 1128 (2009). To meet the standard for conditional certification, a plaintiff is required only to produce "some" evidence, not make a substantial or detailed showing. *Kress v. PricewaterhouseCoopers,* LLP, 263 F.R.D. 623, 630 (E.D.Cal.2009). "In determining whether plaintiffs have met this standard, courts need not consider evidence provided by defendants." *Id.* at 630; *see Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *4 (N.D. Cal. July 18, 2012) ("federal courts are in agreement that evidence from the employer is not germane at the first stage of the certification process, which is focused simply on whether notice should be disseminated to potential claimants" (citing cases)).

### III. DISCUSSION

Marino seeks conditional certification of a collective action as to:

> All persons who work or worked for Defendants as In-store Demonstrators and any other employees performing the same or similar duties for Defendants, within the United States, at any time from three years prior to the filing of this Complaint to the final disposition of this case.

Plaintiff contends that all of the members of the proposed collective action were misclassified as independent contractors for purposes of their claims under the FLSA for unpaid minimum wages and overtime.

The definition of an "employee" for purposes of the FLSA has been interpreted broadly to effectuate the remedial purposes of the statute. *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754–55 (9th Cir. 1979). "[E]mployees are those who *as a matter of economic reality* are dependent upon the business to which they render service." *Id.* (citing *Goldberg v. Whitaker House Cooperative*, 366 U.S. 28, 33 (1961)) (emphasis in original). Courts consider a number of different factors in determining whether workers are employees or independent contractors under the FLSA, including:

- the degree to which the alleged employer has a right to control the manner in which the work is to be performed;
- the degree of permanence of the working relationship;
- whether the service rendered is an integral part of the alleged employer's business;
- whether the service rendered requires no special skills;
- the alleged employee's opportunity for profit or loss dependent upon their own skill;
- the alleged employee's investment in equipment or materials required for the task, or employment of helpers.

*Real*, 603 F.2d at 754; *see also Tony & Susan Alamo Found v. Sec'y of Labor*, 471 U.S. 290, 301 (1985). The presence of any one factor is not dispositive of employee status, which instead depends upon "the circumstances of the whole activity." *Real*, 603 F.2d at 754 (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).

As detailed above, Marino offers evidence from members of the proposed collective action, as well as evidence about defendants' own policies and practices, to support the argument that ISDs were subject to uniform conditions of work and daily supervision. Marino submits evidence that Costco, acting through CDS and CACafe, retained the right to exert discipline over ISDs to ensure that they did not perform in an "un-Costco way." Based on the evidence presented by Marino, conditional certification is appropriate since it meets the "modest factual showing" threshold for initial certification under the FLSA and service of a notice of the opportunity to opt in to the action.

Defendants Costco and CDS argue that the action should not be conditionally certified as against them, contending that Marino has not established a sufficient showing that they are joint employers of the members of the collective action. Whether two or more employers may be considered to be joint employers under the FLSA is again subject to an economic realities test that considers the totality of many factors, including whether the alleged employer: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469–70 (9th Cir. 1983). FLSA regulations find a joint employment relationship where one employer is acting directly or indirectly in the interest of the other employer in relation to the employee; and where employers may be deemed to share control of the employee, directly or indirectly. *Id.* (citing 29 C.F.R. § 791.2(b)). The evidence offered by Marino, at least at this early stage with its low

threshold, is sufficient for conditional certification against Costco and CDS. Regardless of the ultimate merits of the action, the evidence submitted is sufficient to indicate that the members of the proposed collective action are similarly situated with respect to the alleged joint employer factors concerning the power to control the conditions of employment through the Standard Operating Policy and CDS checklists.

Costco and CDS further contend that, barring denial of the motion, the Court should delay conditional certification as to them because they intend to file motions for summary judgment on the joint employer issue. The standard for conditional certification is met now. No motion has been brought despite the pendency of this action for more than a year and defendants' prior representations that they would bring such a motion. As defendants concede, delaying conditional certification as to them would prejudice members of the collective action, whose claims will not be tolled as against these defendants until the motion is granted. The Court finds no reason for delay.

### III.  CONCLUSION

The motion for conditional certification under the FLSA is **GRANTED**. While plaintiff will be required to marshal significant evidence to overcome the showing defendants offered in opposition to this motion at a future juncture, plaintiff's showing here is sufficient to meet the lenient standard under the FLSA to order conditional certification and notice to the members of the alleged collective action.

Taking into account the objections to the collective action definition, the Court hereby conditionally certifies a collective action defined as follows:

> All persons who work or worked as CACafe In-store demonstrators in Costco warehouse store locations within the United States at any time within the last three years.

The Court approves the Notice and Consent form, as modified by the Court, attached hereto as **Exhibit A**. The Court **ORDERS** that Notice and Consent shall be provided to the members of the collective action as follows:

1.  No later than **November 27, 2017**, the CACafe defendants shall disclose, in Excel format, the names, last known addresses and email addresses, all known phone numbers, dates and

1 places of hiring or employment with all defendants, and position(s) held of all members of the collective action, defined above.

2. Within **7 days** of receipt of such list, plaintiff's counsel shall send, by regular postal mail and email, a copy of the Notice and Consent Form to the members of the collective action. Plaintiff's counsel shall also effect the transmission of the Notice and Consent Form by sending a text with a link to the Notice and Consent Form to the collective action member's last known cellular phone number.

3. In order to opt in to the collective action, a member of the collective action, as defined above, must submit to plaintiff's counsel a completed signed Notice and Consent Form for filing with the Court which must be postmarked, faxed, or emailed no later than **January 16, 2018**.

4. If a putative member of the collective action indicates that they do not wish to have contact with plaintiff or her counsel, plaintiff and her counsel shall not have further contact with them outside discovery or other Court processes.

In addition, plaintiff filed motions to seal certain documents in connection with plaintiff's motion and reply, which were designated as confidential by one or more defendants under the parties' stipulated protective order. (Dkt. Nos. 87, 102.) As of the date of this order, none of the designating parties filed declarations in support of sealing. *See* Civil Local Rule 79-5(e). The motions to seal are therefore **DENIED** for lack of good cause shown. Plaintiff is directed to file the documents previously filed under seal in the public record **within seven days** of this Order. *Id*.

This terminates Docket Nos. 87, 88, and 102.

**IT IS SO ORDERED**.

Dated: November 14, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEONA MARINO**,<br><br>          Plaintiff,<br><br>     v.<br><br>**CACAFE, INC.,** *ET AL.*,<br><br>          Defendants. | Case No.  16-cv-6291 YGR<br><br>**NOTICE OF COLLECTIVE ACTION AND CONSENT FORM** |

**TIME SENSITIVE MATERIAL**

**IMPORTANT NOTIFICATION TO POTENTIAL COLLECTIVE ACTION MEMBERS**

**TO:**   All persons who work or worked as CACafe in-store demonstrators in Costco warehouse stores within the United States at any time in the last three years.

*Please read this notice carefully and in its entirety.  Your rights **will** be affected by proceedings in this Action.*

You are required to respond if you wish to assert the federal claims described below.  Be advised that, although the Court has authorized distribution of this Notice, the Court remains neutral and has not yet ruled on the merits of these federal claims.

**1.     Introduction**

The purpose of this Notice is to inform you of a pending class and collective action lawsuit (the "Lawsuit") brought against CACafe, Inc., Jane Zheng, Ted Chao, Costco Wholesale Corporation, and Club Demonstration Services, Inc. (together, "Defendants"), claiming violations of the federal Fair Labor Standards Act ("FLSA").  This Notice will inform you of the procedure for participating in this lawsuit.  **You are receiving this Notice because you may be entitled to "opt in" to a federal collective action conditionally certified by the Court under the FLSA** that consists of all persons who were classified as independent contractors and worked as CACafe In-store Demonstrators in Costco warehouse stores within the United States at any time in the last three years.

**2.     Description of the Lawsuit**

The Plaintiff in this case is a former CACafe in-store demonstrator who brought a lawsuit on behalf of herself and all other CACafe in-store demonstrators who were classified as independent contractors and worked in Costco warehouse stores within the United States, at any time in the past three years.  The Plaintiff alleges that Defendants violated federal law (the FLSA) by denying CACafe in-store demonstrators overtime pay and, in some

cases, minimum wage for all hours worked, by classifying them as independent contractors. In particular, during the relevant period, Plaintiff contends that the FLSA required Defendants to pay CACafe in-store demonstrators overtime wages (1.5 times the regular rate of pay) for any hours worked in excess of forty hours per week, and at least minimum wage for all hours worked. Defendants have denied Plaintiff's claims in this matter, contending that all CACafe in-store demonstrators were properly classified as independent contractors, exempt from overtime and minimum wage, and paid properly.

**3.     Persons Eligible to Join the Lawsuit**

To be eligible to join the Lawsuit, you must either currently work or previously have worked as a CACafe in-store demonstrator in Costco warehouse stores within the United States at any time in the last three years, and must have been classified as an independent contractor.

**4.     How to Participate in the Federal Collective Action – Your Time to Join Is Limited**

**<u>To be included in the Federal Collective Action you MUST complete and submit the enclosed Consent Form to the Plaintiff's attorneys by fax, email, or mail postmarked no later than January 16, 2018.</u>** The contact information for Plaintiff's attorneys is listed on the Consent Form. By completing the enclosed Consent Form, you will be designating Plaintiff and her attorneys to act on your behalf and to represent your interests with respect to your claims under the FLSA.

**If you do not file a Consent Form and join this case, you will not be eligible to receive any recovery for overtime or other relief under the Plaintiff's Federal Law claims, if the Plaintiff prevails in the Lawsuit**. If you do not file a Consent Form, any relief under the FLSA could be obtained by you only if you bring an independent action within the time provided by law (three years from the last date of any alleged violation), either on your own or with counsel of your own choosing.

Under the FLSA, your claim for unpaid overtime and minimum wages may extend three years **from the date you file** a Consent Form. If you wait to submit a Consent Form, the amount of your claim, if Plaintiff prevails, **may be reduced each day you delay** in submitting a Consent Form.

If you wish to discuss this matter, including the nature of the case and the terms of the Plaintiff's attorneys' representation of Plaintiff and those who opt into this case, you may contact Plaintiff's attorneys at the contact information provided in the "Questions" section, below.

**5.     Changes of Address**

If this Notice was sent to a wrong address, or if your address changes in the future, please send prompt written notification of your correct address to Plaintiff's Counsel at the mailing address or e-mail address below in Section 8.

**6.    The Court is Neutral in this Matter and No Legal Rulings on the Claims in the Lawsuit Have Been Made Yet**

The Court takes no position in this case, and has not issued any determinations regarding the merits of the Lawsuit.

**7.    Examination of Papers**

All of the above descriptions of allegations and other matters in the Lawsuit are only summaries and do not fully describe the case. The pleadings and other papers filed in this action are public records and are available online by going to the following website: http://www.pacer.gov/ and setting up an account to access court records. In the "Civil" tab, under California-Northern, you will be prompted to enter the case number (4:16-cv-06291-YGR).

**8.    Questions**

If you have any questions with respect to this action or about this Notice, you may direct such questions to Plaintiff's Counsel:

> Bryan Schwartz Law
> Attn: Eduard Meleshinsky
> 1330 Broadway, Suite 1630
> Oakland, CA 94612
> Telephone: (510) 444-9300
> Fax: (510) 444-9301
> Email: eduard@bryanschwartzlaw.com

**YOU SHOULD NOT CONTACT THE COURT WITH QUESTIONS.**

**9.    Conclusion**

**THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE YVONNE GONZALEZ ROGERS, UNITED STATES DISTRICT COURT JUDGE, PRESIDING.**

Dated:  November 9, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against CACafe Inc., Jane Zheng, Ted Chao, Club Demonstration Services, Inc., and Costco Wholesale Corporation (collectively, "Defendants") as a Plaintiff to assert claims against Defendants for violations of the wage and hour laws of the United States.

I worked as a CACafe in-store demonstrator in a Costco warehouse store location within the United States within the last three years.

Pursuant to 28 U.S.C. § 1746 and the laws of the State of California, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____   _____
Signature                          Date of Signing

_____
Print Name

_____
Location(s) Worked (City/State)

*The information below will be redacted in filings with the Court. Please print or type.*

_____

**Email, Fax or Mail no later than January 16, 2018**

**To:**

**Bryan Schwartz Law**
**Attn: Eduard Meleshinsky**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**

**Fax: (510) 444-9301**

**email: eduard@bryanschwartzlaw.com**

_____
Street Address (including any apartment number)

_____
City, State, Zip Code

_____
Best Phone Numbers (non-work)

_____
E-Mail Address (non-work)

_____
Approximate Dates of Work as a CACafe in-store demonstrator

United States District Court
Northern District of California